THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH ROTOLO, Defendant.

(County Court, Oswego County, December, 1908.)

Grand jury — Duration and adjournments — Adjournment of court.

The grand jury is a constituent part of the court for the performance of the functions and duties which devolve upon it.

Where the judge presiding at a Trial Term, after having discharged the trial jurors and excused the court officers from further service, makes an order that the court be continued open but stand in recess until such time as it shall be adjourned by the

court, and then leaves and engages in official duties in other
counties leaving the grand jury, and afterward returns and dis-
charges them, held, that, during the period of the judge's absence,
the court was not organized for the transaction of business and
that an indictment found by the grand jury during that period
was void.

THREE indictments for violation of the Excise Law.

Motion to dismiss the same upon the grounds that, when
the evidence was presented to the grand jury and the indict-
ment found, no court was in session at Oswego, and the acts
of the grand jury were void.

William B. Baker, District Attorney, for plaintiff.

Torrey A. Ball, for defendant.

STOWELL, J.   On January 6, 1908, a Trial Term of the
Supreme Court, with a grand jury, began at the court-house
in Oswego and continued until January thirty-first, when the
presiding judge made an order " That this court be con-
tinued open but stand in recess until such time as it shall
be adjourned by the court." No further term or session of
the court was held until February twenty-sixth. On Janu-
ary twenty-sixth, the presiding judge discharged the trial
jurors and excused the court officers and attendants from
further service; and, during the interim between January
thirty-first and February twenty-sixth, he was absent from
the city of Oswego.

On February fourth, the judge held a Special Term of the
Supreme Court at Syracuse, which continued several days,
and he was presumably engaged in duties of his office during
all the time between January thirty-first and February
twenty-sixth, at other places than in Oswego county.

The evidence against defendant was presented to the grand
jury February fourth or fifth and, on the fifth, the grand
jury adjourned until February twenty-sixth at which time
they were discharged. I am unable to see that, with the
judge holding court in Onondaga county, a grand jury sit-
ting in Oswego county have power to find an indictment.

A court has been defined to be " an organized body with defined powers, meeting at certain times and places for the hearing and decision of cases and other matters brought before it and aided in its proper business by its proper officers. Matter of Choate, 24 Abb. N. C. 430–433. " A place where justice is judiciously administered.   *   *   *   A court is properly composed of persons consisting of the judge or judges and other proper officers, united together in a civil organization, and invested by law with the requisite functions for the administration of justice.   *   *   *   The court is clearly an organization invested by law with certain functions for the administration of justice.   *   *   *   When summoned, sworn and organized, the grand jury are a constituent part of the court, for the performance of the functions and duties devolved upon the court, as much as a body of twelve petit jurors impanelled for the trial of a person." Id. 435.

" The court is the totality of the constituent parts.   It consists. of the entire judicial organization for the trial of causes and it is immediately present whenever and wherever — from the opening to the adjournment of the sitting — these constituent parts are actually performing the functions devolving upon them by law."   The times and places for holding terms of court are fixed by statute.   Code Civ. Pro., § 238.   In Matter of Savin, 131 U. S. 267, the court said : " We are of the opinion that within the meaning of the statute the court, at least when in session, is present in every part of the place set apart for its own use, and for the use of its officers, jurors and witnesses."

I think that the attempt of the learned justice to keep the court open, he being in the meantime absent from the county and part of the time holding a term of court at Syracuse, is not warranted by the law or practice and that the action of the grand jury during that time was null and void.

This motion is made on other grounds than those specified in section 313, Code of Criminal Procedure.

If not entertained, I see no other way to raise the question here presented.

" But our courts have also always asserted and exercised

the power to set aside indictments whenever it has been made to appear that they have been found without evidence, or upon illegal and incompetent testimony." People v. Glen, 173 N. Y. 395–400.

Motion to dismiss these indictments granted.

It is ordered that the cases be submitted to another grand jury.