THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SPERANZA PISANTI, also known as PISANTI SPERANZA, Defendant.

County Court, Kings County, January 4, 1943.

*Thomas Craddock Hughes, Acting District Attorney (Edward Levine* of counsel), for plaintiff.

*Caesar B. F. Barra* for defendant.

LEIBOWITZ, J. The People move for an order to examine conditionally one Nancy Catalano pursuant to section 219 of the Code of Criminal Procedure.

The defendant, arraigned in the City Magistrate's Court on an information charging felonious assault, waived examination and the case is now awaiting action by the grand jury of Kings county.

The facts alleged by the People are as follows: On the early morning of May 5, 1942, at or near the corner of Essex street and Sutter avenue, Brooklyn, the defendant fired three shots at Nancy Catalano. Each of the three bullets took effect, one of them lodging in the twelfth dorsal vertebra, resulting in paralysis of the body from the waist down. The victim of this shooting is now bedridden in the Goldwater Memorial Hospital on Welfare Island, New York county.

The physicians in charge say that to move her from her bed and to transport her to Kings county would probably prove fatal.

The grand jury is a constituent part of the court for the performance of the functions and duties which devolve upon it. (Code Crim. Pro., § 223; *People* v. *Naughton* [1870], 7 Abb. Pr. [N. S.] 421, 38 How. Pr. 430; *Bergh's Case* [1875], 16 Abb. Pr. [N. S.] 266; *Matter of Choate* [1890], 8 N. Y. Cr. 1, 24 Abb. [N. C.] 430; affd., 56 Hun, 351; affd., without opinion, 121 N. Y. 678; *Matter of Gardiner* [1900], 31 Misc. 364; *People* v. *Rotolo* [1908], 61 Misc. 579.)

Section 45 of the Code of Criminal Procedure provides in part as follows: " A county court must be held at * * * the

place where the county courts are held for the trial of issues of fact by a jury.''

It follows, therefore, that the sessions of the grand jury must be held at the same place as that designated for the holding of the sessions of the County Court.

Clearly, therefore, the grand jury of Kings county may not attend at the bedside of Nancy Catalano to take her testimony, even though the hospital where she is confined be located within Kings county.

The District Attorney therefore seeks to examine her conditionally. He proposes to offer her deposition, so taken, before the grand jury and also upon the trial, if the defendant is indicted, in the event the victim should die or still be physically incapacitated and unable to appear and testify in person.

Section 219 of the Code of Criminal Procedure provides in part as follows: '' A witness may be conditionally examined on behalf of the people in the manner and with the effect provided by title twelve chapter three of this Code, for taking examination of witnesses conditionally on behalf of the defendant.''

The defendant opposes the motion on the ground that a deposition so taken would be inadmissible before the grand jury.

The court is constrained to agree with this contention. Reference will hereinafter be made to certain sections of the law. They refer in each instance to sections of the Code of Criminal Procedure.

Section 255 limits the character of the evidence which may be received by a grand jury to:

'' 1. Such as is given by witnesses produced and sworn before them, or furnished by legal documentary evidence; or

'' 2. The deposition of a witness, in the cases mentioned in the third subdivision of section eight.''

Section 8, subdivision 3, so far as pertinent, provides: '' (b) where the testimony of a witness on the part of the people, has been taken according to the provisions of section two hundred and nineteen of this code, the deposition of the witness may be read upon its being satisfactorily shown to the court that he is *dead* or *insane*, or *can not* with due diligence *be found in the state*.'' (Italics supplied.)

It affirmatively appears that Mary Catalano is not dead, insane, or absent from the State. Her deposition taken upon a conditional examination would therefore be inadmissible as evidence before the grand jury. An indictment based upon such deposition would be subject to dismissal.

However, a deposition so taken may be introduced as evidence upon the trial, although not available before the grand jury. Section 631 provides for its availability when the witness " is unable to attend, by reason of his death, insanity, *sickness or infirmity,* or of his continued absence from the state." (Italics supplied.)

The court is fully cognizant of the problem that confronts the prosecutor. The deposition would be of no avail before the grand jury, but could be used as evidence upon the trial. There can be no trial until and unless there is an indictment. There is, therefore, grave danger that if no indictment be found, one allegedly guilty of an atrocious assault may escape unwhipped of justice. The court is, however, powerless to act. It cannot by judicial decree amend or enlarge the statutory enactments that control. The remedy lies with the Legislature. There can be no valid reason for receiving a deposition on a trial and not before a grand jury under like conditions.

However, should the District Attorney be able to produce other witnesses, upon whose testimony an indictment can be predicated, the deposition of Nancy Catalano, in the event " of [her] death, insanity, sickness or infirmity, or of [her] continued absence from the state" (§ 631), may be used as evidence upon the trial. It is for this reason that the motion should be granted.

Submit order on two days' notice in accordance with the provisions of section 219 of the Code of Criminal Procedure. The court will designate the Magistrate holding court in the district wherein the Goldwater Memorial Hospital is located to take the deposition on the day and at the hour agreeable to him and the hospital authorities.