Joseph Jitjdice, J.
This is a motion by the defendant for an order to inspect the Grand Jury minutes and to dismiss the indictment on the following grounds:
1. That the evidence adduced before the Grand Jury, upon which the indictment was based, was insufficient in law to warrant the finding thereof.
2. That the Grand Jury received other than legal evidence and the indictment herein is not based upon legal evidence.
3. That some of the evidence adduced before the Grand Jury was obtained as a result of a violation of the defendant’s rights as set forth in the Constitution of the United States and the Constitution of the State of New York.
4. That the Special District Attorney of Dutchess County did not take his oath of office until February 7, 1972 and did not file his oath of office until February 8, 1972, and was therefore not qualified to act in that capacity prior to that time.
5. That an unauthorized person was permitted to be present during the session of the Grand Jury while the charges embraced in the indictment herein were under consideration.
6. That the Grand Jury which found the indictment had no legal authority to inquire into the crimes charged in that said Grand Jury was improperly constituted and convened.
In passing upon the defendant’s claim in items numbered No. 1 and No. 2, it is proper for the court itself to inspect the Grand Jury minutes. The court determines there is reasonable cause to examine the evidence before the Grand Jury to determine whether the same would, unexplained and uncontradicted, be sufficient to warrant a conviction by a trial jury. The court has read the minutes and finds there is sufficient legal evidence, unexplained and uncontradicted, to sustain the indictment and the court holds the defendant has failed to sustain his burden of overcoming the presumption as to the legal sufficiency of the evidence adduced before the Grand Jury (People v. Howell, 3 NY 2d 672).
The defendant’s contention the evidence adduced before the Grand Jury was obtained as a result of a violation of his consti *41 tutional rights is without merit. In this State, traditionally, our courts have afforded the greatest possible latitude in the exercise of its statutory power and in the absence of a clear showing that a defendant’s constitutional rights have been violated, a Grand Jury proceeding cannot be curtailed. The court finds no occasion in reading the testimony to vary this doctrine. Nowhere in the proceeding were the defendant’s constitutional rights violated (People v. Ryback, 3 N Y 2d 467; People ex rel. Hirschberg v. Close, 1 N Y 2d 258; People v. Stern, 3 N Y 2d 658).
The defendant’s contention that the Special District Attorney was not qualified to act and that he appeared as an unauthorized person before the Grand Jury is likewise without merit. A reading of the record discloses the Special District Attorney took his oath of office on February 7, 1972, and filed the same on February 8, 1972. Furthermore, the case involving this defendant was presented to the Grand Jury by the Special District Attorney on February 11, 1972, subsequent to the filing of his oath of office. He was, therefore, not an unauthorized person as claimed by this defendant and was qualified to act at the time of the presentation of the case herein.
Lastly, the defendant contends the Grand Jury which found the indictment had no legal authority to act since this court’s order extending the November-December 1971 term of the Grand Jury did not comply with CPL 190.15. The defendant states as a condition precedent to the extension of a Grand Jury the court order must extend the term to a “ specified future date ”. He further contends the failure of the Grand Jury to join in the application for the order of extension was fatally defective under the terms of CPL 190.15.
This court, by order dated December 29, 1971, extended the term of the November-December 1971 Grand Jury “ until further order of this Court, to permit the Grand Jury to complete the investigations now pending before that body. ” The defendant requests a dismissal of the indictment contending the order of this court did not comply with CPL 190.15 in that the Grand Jury was extended without date and not to a “ specified future date ’ ’ as defined in the statute. Pursuant to section 244 of the former Code of Criminal Procedure, the defendant’s claim would have been without merit since the former statute allowed a court to extend a Grand Jury terr. until further order. The court is of the opinion the defendant’s co: tention is highly technical This court believes the purpose of íhe change in the statutes was to provide a cutoff date of the Grand Jury’s terms. The new *42 statute, CPL 190.15, performs the function of preventing a Grand Jury to go on literally forever.
In this proceeding the business of the extended Grand Jury was performed and completed on February 11,1972, less than six weeks after the order extending its term. The Grand Jury concluded its inquiry expeditiously and without undue delay.
If the technicality complained of by this defendant resulted in a change in the makeup of the Grand Jury so as to deprive it of its character as a Grand Jury in a constitutional sense, there can be no doubt the court would have to take notice of this fact. When, however, a defect is not of such a'character and a defendant may be held to answer a subsequent indictment without invading any of his constitutional rights, then the question is one of procedure only. The court believes the over-all intention of the CPL was to discourage technical defenses to indictments which do not affect the merits of a particular case (People v. Petrea, 92 N. Y. 128; Matter of McDonald v. Colden, 294 N. Y. 172).
The Grand Jury in question was duly impanelled for the November-December 1971 term of this County Court. Normally, it would have expired at the end of December with the expiration of the term of this court to which it was adjunct. However, by virtue of this court’s order, as aforesaid, the Grand Jury was extended and the stated purpose of this extension was to permit the Grand Jury to complete the investigations pending before it. Concededly, there may have been a technical error in this court’s order; however, it cannot be disputed that at the time the indictment was filed the Grand Jury existed as a duly constituted body, de jure, since it had been functioning continuously since its inception without recess (People v. Stern, 3 N Y 2d 658).
The failure of the Grand Jury to join with the District Attorney in the petition for extension of its term is insignificant and without merit. The District Attorney informed the court the Grand Jury was investigating this case and witnesses were to be examined before the investigation could be concluded and a determination made thereon by the Grand Jury. In any evpnt, this. Grand Jury, which had been impanelled for the November-December 1971 term, heard witnesses and received evidence concerning the subject matter of this indictment on February 11,1972. The fact this Grand Jury deliberated upon the evidehce received implies an acquiescence in the petition of the former District Attorney to extend the term of the November-December 1971 Grand Jury. Therefore, this court is of the opinion their *43 acquiescence in hearing this case is tantamount to joining in the petition for an extension of the term.
On balance, although the procedure may have been technically in error, the Grand Jury did have jurisdiction to return an indictment and this court cannot allow a dismissal of an indictment upon technical and tenuous grounds which do not interfere with substantial or constitutional rights of this defendant. Nowhere does the defendant show his constitutional rights have been violated or prejudiced by this technical error.
In the opinion of this court, this Grand Jury was properly constituted, convened and, in fact, had jurisdiction to hear, deliberate and make a determination as to whether or not this defendant should have been accused with the crimes with which he was eventually charged.
For the foregoing reasons, the court denies the defendant’s motion, in its entirety.