OPINION OF THE COURT
John J. Connell, J.
Howard R. Relin, District Attorney of Monroe County, by affidavit filed on December 4, 1985 requests this court to rescind the stay in the last paragraph of page 2 of the order signed by this court on December 3, 1985 on the grounds that this court had neither the constitutional nor the legislative authority to initially grant such a stay. Mr. Relin also stated in his affidavit that he would "voluntarily agree not to submit further evidence to the Grand Jury until the legal issues raised in this matter are resolved.”
Chief Administrative Judge Joseph W. Bellacosa, by administrative order dated August 8, 1985, ordered the impaneling of the additional Grand Jury "for the purpose of investigating all aspects of. the operation of the Rochester Psychiatric Hospital, this investigation being conducted by the Monroe County District Attorney’s Office”. The term of the Grand Jury concludes on March 31, 1986 or sooner upon completion of its business.
*506 The order to show cause, which is returnable December 11, 1985, seeks the following forms of relief: (a) an order restricting and restraining the respondents and petitioner from discussing any aspect of the investigation being conducted by the Special Grand Jury of Monroe County impaneled in September 1985; (b) an order disbanding the Special Grand Jury of Monroe County impaneled in September 1985; (c) an order appointing a Special Prosecutor to investigate what, if any, confidential information may have been disclosed from the Special Grand Jury impaneled in September 1985 and the source of said information.
The order also directed "that all proceedings concerning the investigation of the Rochester Psychiatric Center, are hereby stayed until the return of this Order to Show Cause.”
The December 3, 1985 application for an order to show cause contained several allegations of improper conduct on the part of the District Attorney’s handling of the investigation before the Grand Jury. Included were references about the possibility of criminality on someone’s part in that Grand Jury testimony was "leaked” to the media by someone other than the witness involved. Allegations of extensive comments made by the District Attorney to the press about the investigation is also a ground for the order to show cause.
The law is clear, both by statute and case law, that the Grand Jury and the court have unique responsibilities and duties with respect to each other. The court, along with the District Attorney, is the legal advisor of the Grand Jury (CPL 190.25 [6]); the court has a responsibility to ensure that the grand jurors are instructed as to their duties under the law (CPL 190.20 [5]); the court may discharge a juror upon a finding of misconduct or other incapacity (CPL 190.20 [2] [b]); and, of course, a court impanels the Grand Jury (CPL 190.20).
The Grand Jury has been long recognized by the courts of this State as " 'an arm of [society and] the court’ ”. (People v Ianniello, 21 NY2d 418, 424; Matter of Manning v Valente, 272 App Div 358, 361; People v Doe, 247 App Div 324, 326, affd 272 NY 473.) Yet care must be taken by the courts to provide the Grand Jury "the greatest possible latitude in the exercise of its statutory power and in the absence of a clear showing that a defendant’s constitutional rights have been violated, a Grand Jury proceeding” should not be curtailed. (People v Kovacs, 72 Misc 2d 39, 41.)
This does not, however, prevent the courts from intervening *507 in proceedings where fundamental fairness requires it or where abuse of authority is present. (People v Ianniello, supra; Matter of Spector v Allen, 281 NY 251; People v Pisanti, 179 Misc 308.)
In this case, the District Attorney has made no showing that a stay in the Grand Jury proceedings pending a determination of the issues raised in the order to show cause would prejudice the investigation being conducted. However, it does appear, given the nature of the allegations contained in the order to show cause application, that justice to all parties, as well as to the Grand Jury system and the grand jurors themselves, requires the stay previously ordered be continued until the issues are decided in court.
Our court system has a particular responsibility to prevent unfairness or injustice in Grand Jury proceedings. (People v Ianniello, supra.) As the presiding Judge of this Grand Jury, I have an additional responsibility to safeguard the integrity of their deliberations. Until the issues raised by the petitioner are addressed and decided, permitting the Grand Jury process to continue would be improper.
Accordingly, the District Attorney’s request to amend the December 3, 1985 order to show cause by rescinding the stay of the Grand Jury proceedings pending final decision of the issues raised in this matter is, in all respects, denied.