Leon B. Polsky, J.
Two attorneys, assigned pursuant to article 18-B of the County Law, have made claims for compensation in excess of $500 for services performed in representing their respective codefendants. A third defendant in the case was represented by an attorney associated with the Legal Aid Society.
One attorney requests $755 based upon 45 hours spent in open court and 8 hours spent in out-of-court preparation; the other attorney has submitted a claim of $1,447.50 based upon 65Vz hours spent in open court and 46Vz hours spent in out-of-court preparation.
In reducing each allowance below that claimed, I wish first to emphasize that I in no way question the statements of counsel as to their expenditures of time on this case.
Factually the case was a simple one. The three defendants were in an automobile stopped by police officers for having a loose license plate. After asking for and receiving a valid driver’s license and registration, the officer sought to inspect the "VIN” identification on the inside doorpost. In the course of this inspection, he observed the outlines of a gun tightly wrapped in a paper bag on the floor of the vehicle. The only contested factual question at the hearing on the motion to suppress was whether the outline of the gun was visible in the bag. After denying the motion to suppress, the case was conferenced a number of times to determine if a disposition was possible. During this time the court sua sponte ordered reargument of the motion to suppress. Upon reargument the motion was granted, the evidence suppressed and the indictment dismissed.
The above recital, although abbreviated, indicates that this was not a highly complex case justifying extraordinary claims for compensation. The court notes that one attorney’s claim for out-of-court compensation is six times greater than that of his cocounsel. This of course can be explained in many ways such as by the differences in the ability, experience or conscientiousness of the individual attorneys. Also, the factual differences between the several defendants’ defenses could give rise to greater or lesser expenditures of time. However, *809 the fact that one attorney has submitted a claim for two and one-half hours time spent to "review grand jury minutes” which total only 15 pages is not to be overlooked in reviewing the reasonableness of the claim — particularly when the co-counsel has made no claim of this nature.
Another aspect of the claims — of both counsel — calling for scrutiny relates to "in-court” time. Here it is to be noted that there were three assigned counsel, one from The Legal Aid Society and the two 18-B assigned counsel. All of the post-indictment appearances in this case were in calendar parts, usually carrying 50 or more cases. Obviously if one attorney appears at 9:30 A.M., the other at 12:30 p.m. and the case is not called until all counsel are present (as is the practice in most calendar parts) there will be considerable wasted in-court time. It is the responsibility of cocounsel in multidefendant cases to arrange among or between themselves, or with the court, for a time certain at which the case is to be called. Thus, for example in this case, where one attorney submits a claim for six hours’ in-court time on the same day his cocounsel claims only three hours’ in-court time for the same case, the city should not bear the burden of counsel’s failure to make sensible arrangements with each other.
Section 722-b of article 18-B of the County Law fixes a maximum compensation of $500 for assigned representation in felony cases. Provision is made for excess compensation in "extraordinary circumstances.” The mere fact that additional time is spent — even when such additional time is essential to the proper representation of the defendant — does not necessarily entitle counsel to additional compensation. Prior to the enactment of article 18-B, it was seen as the obligation of attorneys to represent indigent defendants without any compensation. Article 18-B sought to ameliorate what to some seemed an unfair burden upon those attorneys who would accept assignments. However it was not intended to completely eliminate the pro bono publico aspect of a lawyer’s role in representing indigent defendants. (Matter of Werfel v Agresta, 36 NY2d 624; People v Perry, 27 AD2d 154.)
Accordingly, the compensation of counsel for the defendant Harvin is fixed at $500 and counsel for the defendant McKinney is fixed at $500.