■ CHARLES PARTRIDGE REAL ESTATE CO., INC., et al., Petitioners, v MARIO M. CUOMO, as Secretary of State, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent Secretary of State, dated August 25, 1976, as, after a hearing, found that petitioners had demonstrated untrustworthiness, suspended their licenses for a stated period of time, or in lieu thereof, fined each of them $500, and further suspended the license of petitioner Charles Partridge Real Estate Co., Inc. (Partridge) for an indefinite period until it has reimbursed a certain commission of $3,000. Determination confirmed insofar as reviewed, and proceeding dismissed on the merits, without costs or disbursements. We have previously confirmed the Secretary of State's determination that Joseph Berman, doing business as Joseph Berman Realty, corespondent of Partridge and Brown (petitioners herein) in the administrative proceeding, demonstrated untrustworthiness in arranging a sale of certain real property *(Matter of Berman v Cuomo,* 64 AD2d 970; see Real Property Law, § 441-c). The evidence at the hearing established that Berman acted as the agent of Partridge in the transaction at issue. There is no suggestion that either Partridge or Brown, a real estate salesman employed by Partridge, was aware of the tactics which Berman used in bringing about the sale, until after the property was conveyed. However, with full knowledge of Berman's wrongful conduct, Partridge, through Brown, accepted a portion of the brokerage fee. In these circumstances, Berman's wrongdoing was imputed to Partridge and Brown (see *Fairchild v McMahon,* 139 NY 290; *Taylor v Commercial Bank,* 174 NY 181; *Bailey v Diamond Int. Corp.,* 47 AD2d 363), and the Secretary of State properly determined that petitioners had demonstrated untrustworthiness in the transaction. Lazer, J. P., Rabin and Gulotta, JJ., concur.

Cohalan, J., concurs in the result, with the following memorandum: I disagree with the determination only insofar as it directs Charles Partridge Real Estate Co., Inc., to reimburse the commission of $3,000. Nevertheless, I vote to confirm the determination insofar as reviewed under constraint of *Matter of Berman v Cuomo* (64 AD2d 970).