OPINION OF THE COURT
David D. Egan, J.
This is an appeal by the County of Monroe seeking to overturn a decision of the Rochester City Court (Regan, J.) awarding attorney compensation, to an assigned counsel on a criminal matter, in excess of the statutory limits based on extraordinary circumstances.
County Law § 722-b, as it pertains to this case, provides that attorney compensation (other than appeals) and reimbursement "shall be fixed by the court where judgment of conviction or acquittal or order of dismissal was entered” and in "extraordinary circumstances the trial court may provide for compensation in excess” of the limits set by statute.
Relying on County Law § 722-b, the Rochester City Court, as the trial court, awarded $993 to attorney James M. Byrnes, which included $493 in excess of the statutory limit based on extraordinary circumstances. (Byrnes was assigned counsel and represented an indigent charged with a misdemeanor in that court.)
*130 The appellant county contends that the City Court was not empowered to make the "excess award” without the approval of the "Supervising Judge” as required by Rules of the Appellate Division, Fourth Department § 1022.12 (22 NYCRR), which require that the Supervising Judge of the Criminal Courts approve any request for compensation greater than that statutorily allowed under County Law § 722-b.
Other than the decision being appealed from herein, there is no precedent dealing with the issue raised on this appeal. (See, Matter of Byrnes v County of Monroe, 128 Misc 2d 700 [1985].)
The legislative enactment, County Law § 722-b, granting the trial court power to grant excess awards based on extraordinary circumstances is in direct conflict with Rules of the Appellate Division, Fourth Department § 1022.12 (22 NYCRR), which requires approval of the Supervising Judge before excess awards may be made. The statute and rule cannot be reconciled and are contradictory on their face.
The Appellate Division may not make rules and regulations governing the administration of the courts which are contradictory to statutes enacted by the State Legislature. (Matter of Seidenberg v County Ct. of County of Rockland, 34 NY2d 499, 506 [1974].) NY Constitution, article VI, § 30 grants the courts power only to adopt rules and regulations "consistent with the general practice and procedure as provided by statute or general rules.”
Accordingly, the trial court may grant excess awards pursuant to County Law § 722-b without the approval of the Supervising Judge as called for by Rules of the Appellate Division, Fourth Department § 1022.12 (22 NYCRR) and such rules are void and unconstitutional where they conflict with County Law § 722-b.
The judgment of the Rochester City Court by decision, dated June 10, 1985, is affirmed.