OPINION OF THE COURT
David Stadtmauer, J.
Assigned counsel submits vouchers with respect to his representation of an indigent defendant. The claim is for 255.5 hours expended in court and 137 hours expended out of court, for a total of $13,490.
The charges against the defendant were serious and included a count of murder in the second degree. The defense was vigorous and resulted in a complete acquittal. To the extent indicated, it cannot be denied that counsel provided valuable services to the defendant.
In determining a proper allowance for counsel, the court must look not only at the hours actually spent but must also take into consideration a number of other factors — not the least of which is the manner in which the time was expended (see, People v Perry, 27 AD2d 154, 163).
The trial was, concededly, lengthy — but this was due, in large measure, to lengthy and unabated applications by defense counsel. These applications began even before the Wade hearing and included, inter alla, demands for discovery beyond what counsel could reasonably expect that he was entitled to; repeated applications of questionable merit for the recusal of the Assistant District Attorney; repeated demands for names, addresses, and telephone numbers of the People’s witnesses after applications for such discovery had been denied by the court; lengthy, unreasonably verbose, and redundant arguments even in the face of repeated admonitions by the court; and unreasonable demands that every innocuous conversation, whether at side-Bar, in open court or in chambers, be recorded.
During jury selection, scarcely a juror escaped a proposed challenge for cause, each such challenge articulated at great length on the record. Indeed, the entire panel was challenged as unconstitutionally assembled and the prosecutor was groundlessly accused of bias and prejudice in systematically excluding blacks.
The court regards the overwhelming majority of these challenges and applications to have been, if not frivolous, then at very best "throw-away” applications, peppered with catchphrases from appellate opinions in related areas.
*372 During trial, cross-examination by defense counsel was an ordeal. When objections were sustained, the questions were repeated in an altered form. When further objections were sustained, the questions were rephrased, repeatedly. There invariably ensued lengthy applications and endless argumentation out of the presence of the jury with reference to most of the court’s previous rulings. All of the foregoing, in the view of this court, resulted in a waste of valuable court time.
According to section 722-b of article 18-B of the County Law, compensation to assigned counsel in cases such as this is limited to a total of $1,200. However, the statute does provide for compensation in excess of that amount in "extraordinary circumstances”. Unfortunately, the term "extraordinary circumstances” is not defined and the cases on the subject are seemingly in conflict. In People v Washington (83 Misc 2d 807) the court, in disallowing additional compensation, minimized the element of time in determining whether "extraordinary circumstances” existed: "The mere fact that additional time is spent — even when such additional time is essential to the proper representation of the defendant — does not necessarily entitle counsel to additional compensation” (supra, at 809).
On the other hand, the court in Matter of Armani (83 Misc 2d 252, 258) was solicitous of the "extreme * * * loss of practice and income” suffered by counsel and found that limiting compensation to the statutory amount would be grossly unjust.
Obviously, these extremes leave a large grey area in which Judges must make daily determinations. Indeed, Judges burdened by crowded calendars assign low priority to fee applications, more often relying upon the recommendations and informal guidelines of various court clerks and administrators. However, there have been exceptions.
The late Hon. Sheldon S. Levy succeeded in establishing some order to at least one aspect of this area and pointedly reminded the Bench and Bar that the Legislature "places upon the conscientious jurist the additional burden of insuring the propriety and integrity of the entire 18-B program” (People v Elliot, 98 Misc 2d 424, 426). The guidelines, however, if any exist, remain obscure and elusive. How, then, is the court to determine an appropriate fee? As pointed out, time actually spent by counsel is not — in and of itself — dispositive. Nor is "fairness” itself controlling. (See, People v Perry, supra, at 163.)
*373 Perhaps it is well at this point to be mindful of the stated purpose of the 18-B program. In Matter of Werfel v Agresta (36 NY2d 624, 626-627), the Court of Appeals stated: "[P]lans under sections 722, 722-a and 722-b of the County Law are designed to ease the burden of lawyers who serve in assigned capacities in the representation of indigent criminal defendants. The lawyers who participate do so willingly, in the highest traditions of the profession, knowing that the limited fees provided fall short of full, or even fair, compensation for their services * * * In so participating, the lawyers undertake an important public service, which before the statute was enacted, they performed without any compensation at all”.
It would appear then, that the issue of additional compensation is flatly (and, it would also appear, finally — see, Matter of Werfel v Agresta, supra) within the discretion of the Trial Judge. In determining whether extraordinary circumstances exist and to what extent they are compensable, this court suggests that the following factors merit significant consideration:
1) The complexity of the issues;
2) The seriousness of the charges;
3) The extent to which counsel was compelled to expend additional hours due to circumstances beyond his control;
4) The extent to which additional time was unnecessarily and unreasonably expended;
5) The mandate of the Court of Appeals (see, Matter of Werfel v Agresta, supra).
The following factors, in the court’s opinion may also merit consideration, but to a far lesser degree:
1) Actual hours expended;
2) Results achieved;
3) Experience and stature of counsel at the Bar;
4) The cost of such services if provided by private counsel.
In the judicial process, there is a relationship between court and counsel which must be maintained with the highest degree of integrity and respect. This relationship is a matter of public concern, for the public has an interest not only in the principle of justice but in the manner in which we strive to achieve that high ideal. To grant the compensation requested herein, in view of the aforementioned circumstances of this case, would do violence to the stated purposes of the law and would shock the conscience of this court.
*374 The court is mindful that competent counsel must not be discouraged from agreeing to represent indigent defendants. However, the court is also charged with the duty of controlling heavy calendars and preventing abuse of the public trust. It should thus be readily apparent that a decision to reduce, by a significant proportion, the amount claimed by assigned counsel, is only reluctantly and sparingly made. Nevertheless, it should be clearly understood that, in appropriate circumstances, such a decision will be made.
Taking all of the foregoing into consideration, compensation to assigned counsel in this matter is limited to the maximum permitted by law, plus a reasonable supplement to compensate counsel for extra time spent beyond his control. The precise sum shall be endorsed upon the vouchers submitted by counsel, and may be retrieved from the clerk of the court.