JAMES M. BYRNES, Respondent, v COUNTY OF MONROE, Appellant.

Fourth Department, July 10, 1987

### APPEARANCES OF COUNSEL

*Charles R. Valenza, County Attorney (Kenneth R. Fisher* of counsel), for appellant.

*Charles F. Crimi* for respondent.

*Michael Colodner (Megan Tallmer* of counsel), for Office of Court Administration, *amicus curiae.*

## OPINION OF THE COURT

GREEN, J.

Petitioner, an attorney, seeks to compel the County of Monroe (County) to pay him assigned counsel fees in excess of the statutory maximum because of extraordinary circumstances. Petitioner's application was approved by a Rochester City Court Judge pursuant to County Law § 722-b, but the County refused to pay the voucher until petitioner received the approval of the Supervising Judge of Criminal Courts as required by a rule of the Appellate Division, Fourth Department (22 NYCRR 1022.12 [b]). Special Term found that the rule and statute were in direct and irreconcilable conflict, declared the rule invalid, and granted petitioner's motion for summary judgment in lieu of complaint. We affirm.

Petitioner was assigned to represent an indigent defendant on two misdemeanors pending in Rochester City Court. Following rather extensive pretrial disclosure and a two-day trial, the defendant was acquitted of one charge and convicted of the other. Petitioner submitted to the court a six-page affidavit in which he detailed his representation and requested counsel fees of $873 plus disbursements of $120 for a total of $993. At this time, County Law § 722-b allowed for a maximum fee of $500 for a defense in misdemeanor cases, but provided that "In extraordinary circumstances the trial court may provide for compensation in excess of the foregoing limits and for payment of compensation and reimbursement for expenses before the completion of the representation." The Rochester City Court Judge who presided over the trial granted petitioner's application, certified that the circumstances of petitioner's representation were extraordinary, and directed the Monroe County Director of Finance to pay petitioner the requested fee.

The County refused to pay until petitioner obtained the approval of the Supervising Judge of Criminal Courts as required by 22 NYCRR 1022.12 (b). In support of his motion for summary judgment, petitioner alleged that he submitted the order, certification and claim voucher to the Supervising Judge, who returned the papers to the City Court without approval or explanation. Petitioner then sought enforcement

of the order previously granted by City Court and, in a lengthy opinion, City Court granted summary judgment to petitioner and declared invalid and unconstitutional the rule requiring approval of the Supervising Judge of Criminal Courts (*Matter of Byrnes v County of Monroe,* 128 Misc 2d 700). County Court affirmed (*Matter of Byrnes v County of Monroe,* 131 Misc 2d 129). In a prior appeal, we reversed the judgment on the ground that Rochester City Court had no subject matter jurisdiction to entertain petitioner's application for enforcement of its own order since the relief sought was in the nature of a mandamus or a declaratory judgment, either of which proceedings must be commenced in Supreme Court (*Matter of Byrnes v County of Monroe,* 122 AD2d 549). Thereafter, petitioner moved in Supreme Court for summary judgment in lieu of complaint. Special Term properly treated the motion as an application for declaratory judgment (*see,* CPLR 103 [c]) and granted the motion. The County, and the Office of Court Administration as *amicus curiae,* appeal.

The principal question presented is whether County Law § 722-b conflicts with 22 NYCRR 1022.12 (b). We conclude that it does. The statute provides, in pertinent part: "For representation on an appeal, compensation and reimbursement shall be fixed by the appellate court. For all other representation, compensation and reimbursement shall be fixed by the court where judgment of conviction or acquittal or order of dismissal was entered. In extraordinary circumstances the *trial court* may provide for compensation in excess of the foregoing limits and for payment of compensation and reimbursement for expenses before the completion of the representation" (emphasis added). The rule, however, provides for an additional step of review as follows: "(b) All vouchers submitted by attorneys * * * pursuant to * * * section 722 (b) of the County Law in which the compensation sought exceeds the statutory limits shall be submitted to the judge or justice before whom the matter was heard *and to the Supervising Judge of Criminal Courts of the appropriate judicial district for approval or modification.* The attorney * * * shall attach thereto an affidavit describing the unusual or extraordinary circumstances which warrant the additional fee. Time itself does not necessarily constitute an extraordinary circumstance" (emphasis added).

As illustrated by this case, the statute and the rule are in direct and irreconcilable conflict. Petitioner's application for excess compensation was granted by Rochester City Court

which tried the misdemeanor case, but was not approved by the Supervising Judge of Criminal Courts. Thus, petitioner is entitled to the money he requests under the statute, but not under the rule. Since the rule is inconsistent with the general State-wide procedure provided by the County Law, the rule must yield to the statute (see, Matter of Seidenberg v County Ct., 34 NY2d 499, 506; NY Const, art VI, § 30).

We reject the County's attempt to reconcile the statute and rule by interpreting "trial court" in section 722-b of the County Law to embrace not only the court in which a matter is tried, but also all other courts at the trial level, including the Supervising Judge of Criminal Courts referred to in the rule. As each of the three Judges who ruled on this issue have concluded, the term "trial court" should be construed as commonly understood and in harmony with the statute (see, McKinney's Cons Laws of NY, Book 1, Statutes §§ 232, 235). The notion incorporated in the statute is that counsel fees, whether within or in excess of the statutory limits, shall be fixed by the court in which the representation occurred. In our view, the Legislature intended the term "trial court" which provides excess compensation to be synonymous with the "court" which fixes normal compensation referred to in the preceding sentence of the statute, i.e., "the court where judgment of conviction or acquittal or order of dismissal was entered" (County Law § 722-b). Thus viewed, "trial court" means the "Trial Judge", who is in the best position to assess whether the nature and extent of the representation constitutes extraordinary circumstances justifying excess compensation (see, People ex rel. Peck v Board of Supervisors, 61 App Div 545, affd 168 NY 640).

In view of our holding, we need not reach the constitutional issue raised (see, Ashwander v Valley Auth., 297 US 288, 341-348 [Brandeis, J., concurring]).

Accordingly, the judgment granting petitioner summary judgment in lieu of complaint should be affirmed and the County is directed to pay petitioner $993 together with interest from February 12, 1984, plus costs and disbursements.

DOERR, J. P., BOOMER, PINE and DAVIS, JJ., concur.

Judgment unanimously affirmed, without costs.