OPINION OF THE COURT
F. Warren Travers, J.
Petitioner, an attorney, commenced this CPLR article 78 proceeding in the nature of mandamus to compel respondents to pay him his legal fee and expenses, in accordance with the order of the trial court, pursuant to section 722-b of the County Law.
Petitioner was assigned to represent an indigent defendant charged with the crimes of burglary, robbery and felony-mur *413 der. Petitioner requested an allowance, in excess of the maximum permitted pursuant to County Law § 772-b in the amount of $12,833.75 for his legal fee. The trial court (Hon. M. Andrew Dwyer, Jr.) signed an order directing payment of the sum of $10,960.33 for legal fees plus disbursements.
The respondents did not pay the claim but, pursuant to Supreme Court, Appellate Division, Third Department rule 822.4 (22 NYCRR 822.4), requested the Presiding Justice to reduce the amount of compensation.
Attorney Kindlon objected to the request and the Presiding Justice advised counsel that he would act on the request unless counsel promptly requested "that consideration be deferred pending the institution and determination of a lawsuit to be commenced by Attorney Kindlon”. Attorney Kindlon did so advise the Presiding Justice and the latter advised that he would defer consideration pending the determination of the lawsuit. Thereupon, this proceeding was commenced.
Petitioner asserts that 22 NYCRR 822.4 is in conflict with County Law § 722-b. Petitioner further asserts that the Statewide statute takes precedence over and invalidates the court rule. Respondents answer the petition and admit the facts essential to this determination but deny that the statute and rule are in conflict. Petitioner asserts that the rule providing for review by the Presiding Justice cannot be reconciled with the statute which does not provide for any such administrative review.
Petitioner in his amended petition also asserts that 22 NYCRR 822.4 is unconstitutional because there is no constitutional authority for such rule; such rule restricts the legislative power to support the needy; the rule fails to provide for notice and an opportunity to be heard concerning any reduction of fee; that the respondents fail to provide adequate representation for indigent defendants; the rule contravenes the duty of the trial court to provide adequate counsel and to assign such counsel to indigent defendants; and that respondent Smith has a conflict of interest in being the Assigned Counsel Plan Administrator as well as County Attorney, the attorney for respondent Wood.
The amended answer denies each of these other claims. An amicus curiae brief has been filed by the Office of Court Administration. Such brief has been received without formal motion to intervene and without objection by petitioner.
County Law § 722-b provides for payment to attorneys as *414 signed to represent indigent defendants in criminal cases. Specific maximum amounts are set depending upon the crime and the court in which the representation occurs. The statute further provides, "In extraordinary circumstances a trial or appellate court may provide for compensation in excess of the foregoing limits and for payment of compensation and reimbursement for expenses before the completion of the representation.”
The rules at 22 NYCRR 822.4, in pertinent part, provide: "When a trial court fixes an allowance of compensation in excess of the statutory limits pursuant to sections 722-b and 722-c of the County Law, the claim and the trial court’s order shall be served upon the fiscal officer of the county charged. Within 30 days after such service, if the amount of compensation fixed by the order has not been paid or approved for payment, the county fiscal officer may submit the claim and order to the presiding justice of the Appellate Division, with a written request that the amount of compensation be reduced and a statement of the reasons therefor.”
Petitioner relies upon a decision of the Appellate Division, Fourth Department, to support his position. In Byrnes v County of Monroe (129 AD2d 229), the court held that County Law § 722-b and 22 NYCRR 1022.12 (former [b]) were in direct and irreconcilable conflict. 22 NYCRR 1022.12 (former [b]) provided a very similar informal administrative review of awards of excess compensation by the Supervising Judge of the Criminal Courts. Thus, while the statute only required the trial court to determine an award of excess compensation, the rule required both the trial court’s determination and informal administrative review prior to payment. It is this additional step, provided by the rule, that was being challenged. The matter before this court is essentially the same.
This court does not find any other Appellate Division decisions on this issue. The only Third Department case related to the issue is Matter of Fisher v Schenck (39 AD2d 813) which determined that orders of the County Court awarding counsel fees are nonappealable. The Court of Appeals in Matter of Werfel v Agresta (36 NY2d 624) considered a case involving the award of counsel fees. The facts of that case which involve a Bar Association Plan are clearly different. The determination is not applicable to the matter before this court. It is worth noting, however, that Justice Jones, in his dissent, referred to the limited scope of review of such proceedings, if the Legislature intended any review of allowances under *415 section 722-b at all. A lengthy history of the adoption of section 722-b is provided in an earlier case, Byrnes v County of Monroe (128 Misc 2d 700).
The underlying facts in the earlier case (Byrnes v County of Monroe, 128 Misc 2d 700, supra) are the same as those in the Appellate Division case (129 AD2d 229, supra).
The respondents in this case assert that an amendment of section 722-b subsequent to the Byrnes case (supra) reconciles the statute with the rule. Respondents claim that the Legislature amended the statute in order that compensation, in excess of the statutory limits, could be awarded by either a trial court or an appellate court. Respondents fail to provide the court with any legislative memorandum indicating the intent of the Legislature in adopting such an amendment. Respondents merely assert that such is the intent.
This court, upon a plain reading of the amendment, does not reach the same conclusion. Upon a review of the entire section, the court concludes that the amendment is intended to give the appellate courts authority to award compensation in excess of the statutory maximum in appropriate cases before such courts. Previously, authority was given only to the trial court, to order excess compensation in cases in the trial court. The amendment now permits excess compensation, where appropriate in the appellate court, to be determined by such appellate court.
The court is persuaded by the reasoning in both Byrnes cases (supra), that the statute and rule are in direct and irreconcilable conflict. The rule is inconsistent with the general State-wide procedure provided by the County Law. Ordinarily, the rule must yield to the statute (Matter of Seidenberg v County Ct., 34 NY2d 499). The case now before this court, however, raises a fundamental issue in the operation of the court system.
At the center of the issue is the role of the Trial Judge who sets the fee allowance. Is the Judge performing a judicial or administrative function? If the Judge is performing a judicial function, then the Byrnes cases (supra) apply. If the Judge is performing an administrative function, then the Byrnes cases can be distinguished from this proceeding. What is administrative is not always easy to determine.
This court views a judicial order as a court order that directly determines an issue between litigants. In this case, the order involved setting a fee allowance. Such order did not *416 directly determine any issue in the criminal trial of Paul Palmer. This court views the setting of fee allowances pursuant to County Law § 722-b as an administrative function of the Trial Judge in the performance of his judicial office.
The court is not persuaded by petitioner’s claims that low allowances result in inadequate representation of indigents, nor does such an assertion transform a fee-setting order from an administrative order to a judicial order. Clearly, Paul Palmer’s representation by petitioner is reflective of the very highest standards of the legal profession. Attorney Kindlon’s actions in defending Paul Palmer demonstrate that low fee allowances do not necessarily result in inadequate representation of indigent defendants.
The 1978 amendments to the New York Constitution vested the Chief Judge and the Chief Administrator with "complete” administrative powers over the court system (see, Corkum v Bartlett, 46 NY2d 424, 429).
Through delegation of authority, the Presiding Justice of the Appellate Division, Third Department, has been granted the administrative authority to review the allowance of counsel fees set by Judge Dwyer. This court determines in this proceeding that the Presiding Justice of the Appellate Division, Third Department, has been granted the authority to administratively review such fee allowances. That is the critical issue required to be determined at this time.
Because the administrative process, has not been completed, it is premature to rule upon the remaining issues raised.
Petitioner does raise an issue that concerns this court and that is the apparent failure of 22 NYCRR 822.4 to provide for fundamental fairness by giving an opportunity to be heard concerning any reduction of the fee allowance to the petitioner. Under these circumstances, any reduction might be considered arbitrary or capricious.
The relief requested by petitioner is denied and the petition is dismissed.
All papers are returned to the Rensselaer County Attorney for submission of a judgment dismissing the proceeding, without notice and without costs.