In the Matter of Terence L. Kindlon, Appellant, v County of Rensselaer et al., Respondents.

Third Department, July 5, 1990

## APPEARANCES OF COUNSEL

*Terence L. Kindlon, P. C.,* appellant *pro se.*

*Robert A. Smith, County Attorney,* for respondents.

*Michael Colodner* for Chief Administrator of the Courts, *amicus curiae.*

## OPINION OF THE COURT

MERCURE, J.

Petitioner was appointed to serve as counsel to an indigent defendant in a criminal action in the County Court of Rensselaer County. Upon application by petitioner following sentencing, County Court ordered payment of counsel fees in excess of the statutory maximum *(see,* County Law § 722-b). Thereafter, respondent County of Rensselaer sought review of the excess compensation by the Presiding Justice of this court pursuant to section 822.4 of the Rules of the Appellate Division, Third Department (22 NYCRR 822.4). After obtaining a deferment of the administrative proceedings, petitioner brought this combined CPLR article 78 proceeding and declaratory judgment action, seeking an order compelling payment of the compensation fixed by County Court and a declaration that 22 NYCRR

822.4 was in irreconcilable conflict with County Law § 722-b[1] and, thus, invalid. Supreme Court dismissed the petition on the ground that the administrative process had not been completed (145 Misc 2d 412). Petitioner now appeals.

■ We note at the outset that because petitioner has challenged the very authority of the Presiding Justice to administratively review the award of counsel fees, asserting that 22 NYCRR 822.4 is unconstitutional and illegal, petitioner was not required to exhaust administrative remedies as a prerequisite to legal action (see, Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57; Matter of Glenwood TV v Ratner, 103 AD2d 322, 327, affd 65 NY2d 642, appeal dismissed, cert denied 474 US 916). Further, it cannot be seriously argued that 22 NYCRR 822.4 does not conflict with County Law § 722-b, inasmuch as it affords respondents an avenue of administrative review not provided for in the statute. Thus, the rule, inconsistent with the general State-wide procedure provided by the County Law, must yield to the statute (see, Byrnes v County of Monroe, 129 AD2d 229, 232) unless the NY Constitution provides authority for its promulgation.

It is the position of respondents and the Chief Administrator of the Courts, in an *amicus curiae* brief, that NY Constitution, article VI, § 28 does provide authority for the regulation and the power exercised thereunder. There is no question that the 1978 amendments to the NY Constitution provided the Chief Judge and the Chief Administrator with complete administrative power and control over the trial courts (see, Corkum v Bartlett, 46 NY2d 424, 428-429; Durante v Evans, 94 AD2d 141, 144-145, affd 62 NY2d 719; see also, People v Polk, 84 AD2d 943). Further, the fixing of compensation of assigned counsel is an "administrative" act (see, Matter of Werfel v Agresta, 36 NY2d 624, 626), here performed in the first instance by a Trial Judge acting in his administrative capac-

---

1. County Law § 722-b provides in pertinent part that "[f]or [representation other than on an appeal] compensation and reimbursement shall be fixed by the court where judgment of conviction or acquittal or order of dismissal was entered. In extraordinary circumstances a trial * * * court may provide for compensation in excess of the foregoing limits".

22 NYCRR 822.4 provides as is relevant here that "[w]hen a trial court fixes an allowance of compensation in excess of the statutory limits * * * the county fiscal officer may submit the claim and order to the presiding justice of the Appellate Division, with a written request that the amount of compensation be reduced and a statement of the reasons therefor".

ity. While the Legislature may have the power initially to delineate rights and duties with respect to administrative acts affecting the courts, it cannot by statute foreclose the ultimate authority of court administrators in the exercise of their supervisory powers derived from NY Constitution, article VI, § 28.

■ Having established the authority of the Chief Judge and the Chief Administrator to exercise administrative powers in excess of those provided by statute, including the power to review awards of compensation to assigned attorneys, the question becomes whether there has been an effective delegation of that power to the Presiding Justice of the Appellate Division, Third Department. We find no such delegation. It is the position of the Chief Administrator in this regard that 22 NYCRR 822.4, originally adopted by this court pursuant to its former constitutional authority to supervise the administration of the trial courts within the Third Department, was continued in effect as a rule of the Chief Administrator by virtue of the provision of 22 NYCRR 103.1 that "[a]ll administrative regulations, rules, orders and directives for the efficient and orderly transaction of business in the trial courts * * * in effect on March 31, 1978 * * * are continued in effect until superseded, repealed or modified". This argument would have considerable merit but for the fact that section 822.4 was not in effect in its present form on March 31, 1978[2] and, thus, could not have been included under the adoption provision of 22 NYCRR 103.1.

Finding no clear delegation of authority to this court to promulgate rules governing the transaction of business in the trial courts (compare, 22 NYCRR 80.1 [b] [6], with 22 NYCRR 80.3 [a] [5]; but see, 22 NYCRR 80.3 [c]; 127.1; see also, Corkum v Bartlett, supra, at 429; Durante v Evans, supra, at 143), we are constrained to conclude that 22 NYCRR 822.4 is invalid insofar as it pertains to applications pursuant to County Law

---

2. On March 31, 1978, 22 NYCRR 840.11 governed excess compensation claims in the Third Department and provided that claims for extraordinary fees be submitted both to the "assigning judge" and to the Presiding Justice for "approval, disapproval or modification". Section 840.11 was renumbered to 840.4 in 1980. In 1983, the rule was renumbered to 822.4 and amended, with regard to claims under County Law § 722-b, to its current provision. Subsequent amendments in 1986 and 1990 are not relevant to the issues herein.

§ 722-b. Petitioner's remaining contentions need not be addressed.

KANE, J. P., WEISS, MIKOLL and HARVEY, JJ., concur.

Judgment reversed, on the law, without costs, and it is declared that 22 NYCRR 822.4 is invalid insofar as it pertains to applications pursuant to County Law § 722-b.