OPINION OF THE COURT
Donald J. Mark, J.
The defendant Charles Stanin (Stanin) was charged with the crimes of rape, first degree, sodomy, first degree, and assault, second degree,[1] as the result of two sexual assaults and a physical assault that he committed. The defendant Duane Adams (Adams) was charged with rape, first degree, and sodomy, first degree, by virtue of section 20.00 of the Penal Law as the result of two separate sexual assaults he committed.[2]
The People’s proof was to the effect that Stanin encountered his ex-girlfriend, the victim, by happenstance on the street; that Stanin and a female nondefendant, motivated by revenge, physically assaulted the victim; that Stanin then dragged the victim into his house where he and the female nondefendant physically assaulted the victim again; that Adams was present in the house and witnessed this second assault; that as a result of these two physical assaults the victim sustained extensive facial injuries as well as other bodily injuries; that Stanin invited Adams and an unknown number of nondefendants to engage in sexual acts with the victim; that Adams participated in vaginal and oral sex with the victim and Stanin did likewise; that the unknown nondefendants were also involved in sexual acts with the victim; that Stanin remained in the room during the sexual assaults by Adams and the unknown nondefendants; and that the victim submitted to all these sexual indignities because of her injuries and because of the implied threat that the beating by Stanin would continue if she refused.
The prosecutor portrayed Stanin as the prime mover in these physical and sexual assaults and claimed that because of this he was guilty of the three charges. Stanin’s attorney denied that his client was involved in any conduct other than *680 the physical assaults upon the victim.[3] The prosecutor conceded that Adams had never physically assaulted nor threatened the victim, but he claimed that Adams was an accomplice of Stanin by virtue of Penal Law § 20.00. He further theorized that Adams had "adopted” the forcible compulsion exerted by Stanin and so was guilty of the two crimes with which he was charged. Adams’ attorney emphasized that Adams had neither physically assaulted nor threatened the victim, and he denied that Adams had taken advantage of Stanin’s invitation to the group of males to engage in sex with the victim.
Section 20.00 of the Penal Law provides as follows: "When one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct.”
Initially this court was prepared to charge the jury in accordance with the indictment that the charges against Adams should be considered within the framework of section 20.00. However, at the trial’s conclusion, it became obvious that Adams did not "solicit”, "request”, "command”, "importune” or "intentionally aid” Stanin, and that in fact the reverse was true. Stanin by physically assaulting the victim had "intentionally aided” Adams to commit the rape and sodomy, and Stanin by inviting Adams to participate in sexual acts with the victim had "solicited”, "requested” and "importuned” Adams to commit the rape and sodomy.[4] Therefore, resort was had to the law of agency to resolve this issue.[5] It was reasoned that if Adams as the principal had "adopted” the forcible compulsion of Stanin as the agent, in essence as *681 the prosecutor had argued, then he could be found guilty of the two charges.[6]
Two concepts from the law of agency are applicable here.
The first is that where one who has assumed to act as agent and has no authority to do so, but is a mere volunteer, a failure to disavow his acts will amount to ratification if it is done under such circumstances as to indicate an intention to do so (2 NY Jur 2d, Agency, § 176, citing Merritt v Bissell, 155 NY 396; see, Trustees of Town of Easthampton v Bowman, 136 NY 521, 526; Zanoni v 855 Holding Co., 96 AD2d 860, 861, affd 62 NY2d 963; Heinike Assocs. v Chili Lbr. Co., 83 AD2d 751, 752; Matter of Lester, 87 Misc 2d 717, 724). Although in a technical sense Stanin was not Adams’ agent at the inception of this episode, Stanin volunteered to provide the forcible compulsion, thereby becoming Adams’ agent, and Adams ratified Stanin’s conduct by engaging in sexual acts with the victim at Stanin’s behest.
The second is that where a person acts for another who accepts the benefits of his efforts with knowledge of the material facts surrounding the transaction, the latter must be deemed to have ratified the methods employed, as he may not, even though innocent, receive the benefits and at the same time disclaim responsibility for the measures by which they were acquired (2 NY Jur 2d, Agency, § 170, citing Taylor v Commercial Bank, 174 NY 181; Fairchild v McMahon, 139 NY 290; Mayer v Dean, 115 NY 556; see, Agristor Leasing-II v Pangburn, 162 AD2d 960, 961; Partridge Real Estate Co. v Cuomo, 69 AD2d 849). The actions of Adams in this case fit this category in that he did not participate in the forcible compulsion effected by Stanin and so was innocent in that respect, but he exploited the forcible compulsion of Stanin by engaging in sexual acts with the victim.[7]
There is a dearth of case law in this area, but People v James M. (170 AD2d 696), without any detailed discussion of the principle involved, affirmed the attempted rape conviction of a defendant who apparently did not himself act to forcibly *682 compel the victim to submit to sexual intercourse.[8] There the codefendant pushed the victim against the side of a car and struggled with her to unzip her jeans while the defendant stood right beside her. The defendant then waited outside the car while the codefendant raped the victim in the back seat. When the codefendant was through, the defendant entered the back seat and attempted to do the same. The appellate court found that the defendant attempted to engage in sexual intercourse by forcible compulsion.
Accordingly, insofar as the charges against Adams relate to his adoption of Stanin’s actions, the jury was instructed as follows:
"In this case the People do not claim that the defendant Adams exerted the forcible compulsion which caused the lack of consent on the part of the alleged victim. Instead, the People claim that the forcible compulsion was exerted by the defendant Stanin and that the defendant Adams being aware of that situation adopted or took advantage of the forcible compulsion exerted by the defendant Stanin.
"If you find that the alleged victim’s lack of consent resulted from the use of forcible compulsion by the defendant Stanin and that the defendant Adams adopted or took advantage of the forcible compulsion exerted by the defendant Stanin, then you can find that the alleged victim’s lack of consent resulted from the use of forcible compulsion by the defendant Adams, and you can further find the defendant Adams guilty of the crimes of Rape 1st Degree and Sodomy 1st Degree.
"If you find that the defendant Adams did not adopt or did not take advantage of the forcible compulsion exerted by the defendant Stanin, then you cannot find the defendant Adams guilty of the crimes of Rape in the 1st Degree and Sodomy in the 1st Degree.”[9]

. This count alleged that Stanin caused physical injury to the victim in the course of and in furtherance of the commission of the two felonies in violation of Penal Law § 120.05 (6).

. Both defendants were convicted after a jury trial, so the charges are no longer allegations.

. Since Stanin denied the sexual assaults, his attorney argued that his client had committed only assault, third degree. Assault, third degree, is not a lesser included offense of assault, second degree, as charged in Penal Law § 120.05 (6), however (People v Miguel, 53 NY2d 920; People v Springer, 115 AD2d 915, lv denied 67 NY2d 951).

. Under this theory Stanin could also have been charged with the rape and sodomy for which Adams was charged (see, People v Johnson, 90 AD2d 777).

. There is precedent for resorting to civil law concepts to determine criminal law issues (see, e.g., People v Danny G., 61 NY2d 169; People v McConnell, 49 NY2d 340 [law of contracts]; People v Stern, 147 Misc 2d 961 [law of agency]).

. This proposition does not run counter to the caution against finding vicarious liability advanced in People v Byrne (77 NY2d 460).

. Riley v Larocque (163 Misc 423) held that where the principal knowingly accepted the benefits of a transaction from the agent he must be deemed to have adopted the agent’s conduct. Thus, the prosecutor here used the correct terminology — "adopt”—in presenting his case, and although all the other cases used the phrase "ratify”, the terms are synonymous.

. The brief of the People was examined and it supports this conclusion. The statement alleges that the victim admitted she was not fearful of the defendant, and the People argued that the defendant exploited the codefendant’s use of physical force against the victim.

. The jury was also charged to consider only these instructions and to disregard any references to the terms "section 20.00” and "accomplice” by the prosecutor or Adams’ attorney.