*104 OPINION OF THE COURT
Donald J. Mark, J.
This is an application by the defendant’s attorney, pursuant to County Law § 722-b, seeking compensation in the amount of $2,336.50, consisting of $1,604 for in-court time and $732.50 for out-of-court time, for his representation of an indigent defendant charged with the crimes of attempted robbery, first degree, and assault in the second degree. Counsel claims he is entitled to reimbursement in excess of the statutory limit of $1,200 because of extraordinary circumstances.
Many attorneys tend to equate the time expended in the defense of their indigent clients with the "extraordinary circumstances” referred to in this statute. Unfortunately, while these attorneys certainly deserve to be fully compensated for their services, all the applicable case law holds that the mere fact that additional time is spent in such representation, even when essential to proper representation, does not automatically authorize additional compensation (People v Perry, 27 AD2d 154; People v Walker, 135 Misc 2d 370; People v Washington, 83 Misc 2d 807).
The first appellate pronouncement on this issue, People v Perry (supra, 27 AD2d, at 161), employed this language: "an award in excess of the maxima, based on 'extraordinary circumstances,’ is not to be made solely because an attorney shows that the product of the number of hours claimed to have been spent multiplied by the $10[1] per hour spent out of court and $15™ per hour in court exceeds the $300™ and $500™ limits. There should be a finding of 'extraordinary circumstances’ only if the court concludes from the facts that a denial of additional compensation would be grossly unjust”. [2]
Subsequently, the Court of Appeals in Matter of Werfel v Agresta (36 NY2d 624, 626-627), also made it clear that it was not the intention of this statute to provide for complete remuneration by declaring: "plans under sections 722, 722-a and 722-b of the County Law are designed to ease the burden of lawyers who serve in assigned capacities * * * The lawyers * * * participate * * * knowing that the limited fees provided fall short of full, or even fair, compensation * * * [T]he lawyers undertake an important public service, which before *105 the statute was enacted, they performed without any compensation at all”.
People v Perry (supra) and People v Walker (supra), in conjunction, detailed the following factors as constituting extraordinary circumstances:[3] (1) the nature and extent of the services, (2) the actual time spent, (3) the necessity for the time spent, (4) the professional standing of counsel, (5) the results achieved, (6) the complexity of the issues, (7) the seriousness of the charge, and (8) the cost of such services if provided by private counsel.
This court believes that in fairness to the attorneys who are willing to undertake these assignments, the following factors should be added: (9) the inclusion of a codefendant or multiple defendants in the proceeding, (10) a highly publicized trial, and (11) an unusual ancillary proceeding.
Examples of factors (1), (4), (8) and (11) can be found in Matter of Armani (83 Misc 2d 252), where (1) there was a contested CPL 730 hearing, pretrial motions, hearing to suppress identification and evidence, 21 days for jury selection and 15 days for trial; (4) the attorney devoted extraordinary energy and talent to the defense of his client; (8) judicial notice was taken that a private retainer would far exceed any allowance permitted by statute; and (11) there was a contested hearing conducted relative to defendant’s fitness to proceed.
Examples of factors (2), (3), (5) and (7) are illustrated in People v Walker (supra), where (2) the assigned attorney spent 255.5 hours in court and 137 hours out of court; (3) the proceeding was unnecessarily protracted by unreasonable pretrial and trial applications, frivolous and multiple juror challenges for cause, lengthy ineffective arguments and countless objectionable questions on cross-examination; (5) the defendant was acquitted of the crime of murder in the second degree; and (7) the defendant was charged with the crime of murder in the second degree.
An example of factor (6) is implicit in People v Stanin (150 Misc 2d 678), where in a reverse Penal Law § 20.00 situation, the law of agency was applied to a defendant charged with rape who used no force himself but took advantage of the *106 force effected by a codefendant in order to engage in sexual relations with the victim.
Examples of factors (9) and (10) are demonstrated in People v Ahalt (170 AD2d 982, lv denied 78 NY2d 953), where (9) the trial strategy of each defendant who was charged with multiple counts of murder, robbery and arson was to completely exonerate himself and blame all the egregious misconduct on the other defendant; and (10) two defendants charged with five brutal murders, three robberies and three arsons during a crime spree were tried before dual juries (the second time this procedure was employed in this State) with the trial being covered daily by the media of television, newspaper and radio.
Because the assigned attorney has no method of redress in the event he is dissatisfied with the allowance approved by the trial court (Matter of Werfel v Agresta, supra), and because the converse is true in that there is no mechanism to check the trial court’s discretion (Matter of Montgomery v Muller, 176 AD2d 29, lv denied 80 NY2d 751; Matter of Kindlon v Rensselaer County, 158 AD2d 178; Byrnes v County of Monroe, 129 AD2d 229), it is imperative that the trial court’s determination be a fair one.
This court has therefore devised a nonritualistic formula by which it will assess an attorney’s application for a fee in excess of the statutory maximum. When the compensation applied for exceeds the $1,200 limit, the overage will be multiplied by a certain percentage,[4] a dollar amount[4] will be allocated to each one of the 11 factors found to be present,[4] and these amounts plus the $1,200 will constitute the total award to the attorney.
This formula could be utilized in the following manner: Assume an attorney requested compensation in the amount of $3,000. He would be allowed the statutory maximum of $1,200. The overage of $1,800 could be multiplied by .20 to achieve an amount of $360. A dollar amount of $100 could be allocated to factor (5), the result achieved, factor (6), the complexity of the issues, and factor (7), the seriousness of the charge, totalling $300. The total compensation awarded to the attorney would be $1,860,[5] which is neither the amount requested nor the maximum of $1,200 permitted by statute.
*107 Except in an unusual case, it is expected that no attorney would be fully compensated for the total number of hours expended in his presentation,[6] but in most cases it is also expected that the attorney would receive more than $1,200. The affidavit of the attorney should indicate with specificity each factor which he believes is involved in his proceeding, so that the trial court can decide whether such factor is in fact one to be considered.
The defendant’s attorney has requested that he be compensated fully for the time he has expended in this case. He claims in-court time of 40.10 hours and out-of-court time of 29.30 hours.[7] As has been indicated, the statute and the case law do not permit an award in excess of $1,200 unless extraordinary circumstances are demonstrated.
This attorney supports his claim that the "extraordinary circumstances” test has been satisfied because (1) the attorney possesses considerable experience in criminal matters; (2) the defendant was charged with serious crimes; (3) the attorney prepared an affidavit for the alleged victim to recant; (4) the investigative agency encountered some difficulty in locating defense witnesses; (5) problems during trial necessitated adjournments resulting in seven days or parts thereof of trial; and (6) the trial interruptions caused additional trial preparation.[8]
Factors (6), (8), (9) and (10) enunciated in this decision have no application to this case. Factors (3), (4) and (5) recited in counsel’s affidavit correspond to factors (1), (2) and (3) specified in this decision but do not rise to the required level to affect this determination.[9] Factor (1), the attorney’s experience in criminal matters; factor (2), the charges of class C and D felonies; factor (7), the conditional examination and hearing relative to admissibility; and factor (8), the acquittal of the defendant, all as itemized in the attorney’s affidavit, correspond to factors (4), (7), (11) and (5), respectively, enumerated *108 in this decision, and they do satisfy the criterion of exceptional circumstances.
Therefore, applying the formula created for this type of situation, the attorney is awarded the statutory limit of $1,200, a dollar amount allocated to the four factors presented in this claim and a percentage of the overage of $1,136 for a total compensation in the amount of $1,675.

. These amounts were increased to $25, $40, $800 and $1,200, the present rates, on July 20, 1987.

. It should be noted that the term "additional” and not "full” was used in this opinion.

. Factors (2), (3), (4), (5) and (6) are mentioned in both opinions but not always in the same phraseology; Walker (supra, 135 Misc 2d, at 373) also included "The mandate of the Court of Appeals (see, Matter of Werfel v Agresta, supra), ” probably in reference to the language cited supra, but this factor has been omitted as superfluous.

. The percentage and dollar amounts would not be particularized so as to permit flexibility.

. This court has not determined that this percentage and these dollar amounts will be the actual ones used.

. There probably will be such exceptional cases that regardless of the number of factors found or not found the attorney will be allowed the entire compensation for which he applies (e.g., Matter of Armani, 83 Misc 2d 252, supra).

. The administrator of the County Assigned Counsel Program has checked these periods prior to the submission of the voucher.

. Counsel’s affidavit was obviously much more elaborate than this terse summary would suggest.

. Nevertheless, some allowance is made for these factors by the award of $1,200 in addition to the percentage of the overage.