OPINION OF THE COURT
James V. Brands, J.
*588 This is an application by Leslie D. Maserjian, Esq., assigned counsel to the respondent, Bonnie Mitchell, seeking an order of this court for counsel fees in excess of the minimum figures set by statute.
In order to properly address the request made by counsel, the history of this matter is a necessary ingredient prior to such a decision being made.
On October 29, 1999 the County of Dutchess petitioned the respondent into Family Court claiming neglect of her children predicated upon the respondent’s leaving the three children, aged 8, 7 and 5, alone for extended periods of time. Additionally, the house was alleged to have been kept in a filthy, cluttered and unsanitary condition including a pit bull kept inside which had defecated and urinated. The house was claimed to be littered with dirty food, dishes, clothing and so forth. As a result of the petition before the court, the children were removed to the custody of the Dutchess County Department of Social Services by Dutchess County Family Court on October 29, 1999.
Thereafter, Leslie D. Maserjian, Esq., was appointed as counsel for the respondent pursuant to section 262 of the Family Court Act. Soon after the appointment of Ms. Maserjian, an application was made on November 8, 1999 by the respondent to have the children returned to her home. This court held a hearing on that application on November 18, 1999 resulting in a decision and order of this court directing return of the children to the respondent subject to certain conditions as set forth in that decision.
There were extensive negotiations following that decision between the respondent, her counsel and the County of Dutchess as to the ultimate disposition of the proceedings. The petitioner was adamant for an extensive period of time that there be a finding of neglect against the respondent with certain conditions to be imposed on her. Respondent’s counsel strongly objected to any finding against her client based on the fact that respondent, a single mother, was pursuing a degree in the field of nursing and simply needed the assistance of the County to help her through her time of crisis. As pointed out in the decision of the court dated November 23, 1999, when returning the children to their mother, respondent was in need of the County being her friend rather than her adversary.
The major concern of the assigned counsel was that her client’s ability to pursue a career in the field of nursing would be seriously impaired if a finding of neglect were filed with the *589 State of New York as required by statute. Ultimately through the efforts of Ms. Maserjian, the County of Dutchess agreed to adjourn the petition in contemplation of dismissal, after an admission, with the hope that the case ultimately would be dismissed against Ms. Mitchell so long as she abided by the conditions set forth in the adjournment in contemplation of dismissal.
It is with this background in mind that Ms. Maserjian now asks the court to approve compensation greater than the minimal amount set forth by statute.
DECISION
The right of an individual to have legal representation in a matter proceeding before the courts of our State is well recognized. Indeed, New York was on the leading edge when it extended the right of legal representation in criminal matters to include not only felonies as required by the United States Supreme Court (Gideon v Wainwright, 372 US 335), but also misdemeanor matters. (See, People v Witenski, 15 NY2d 392.)
Our Legislature has also recognized that a whole host of individuals are entitled to legal representation even if they cannot afford it so that their important rights as citizens are protected. Those individuals so identified with the right to counsel are specifically set forth under section 262 of the Family Court Act. A corollary to that right is to be provided with adequate representation: “Because of the potentially drastic consequences of a child protective proceeding, the statutory right to counsel under Family Court Act § 262 affords protections equivalent to the constitutional standard of effective assistance of counsel afforded defendants in criminal proceedings.” (See, Matter of Alfred C., 237 AD2d 517; see also, Matter of James R., 238 AD2d 962; Family Ct Act § 261.) Indeed, the same may be said for the rights of children who are afforded the protection of their own legal counsel in the form of a Law Guardian pursuant to section 249 of the Family Court Act.
The remuneration to be paid to assigned counsel and/or Law Guardians in Family Court matters is tied into County Law § 722-b which provides that in the normal representation of clients, counsel are to be compensated at the rate of $40 per hour for in-court time and $25 per hour for out-of-court time, fees which were established approximately 14 years ago. However, said section further permits the court in extraordinary circumstances to provide for compensation in excess of *590 the foregoing limits. It is therefore reserved to the trial court to determine what the fees shall be in any particular matter before it based on the totality of circumstances.
It would appear that the type of matter before the court is one ingredient to be considered. For example, if the question before the court surrounded minor disputes regarding visitation times or places, that scenario would be much different than one which might question where a child ultimately would live on a permanent basis.
It would appear that additional compensation in criminal matters is much more rigidly defined than in civil matters where the court is given more discretion. (See, Matter of Crimi, 60 Misc 2d 144.) The court notes in the particular case presented to it that Ms. Maserjian is an attorney with a vast background of experience and expertise which most likely contributed to the matter moving through the court system in an expeditious fashion and thus saving the court, the litigant and indeed the County of Dutchess considerable funds which otherwise would have been expended in this matter. It was to a great degree due to the results of the efforts by Ms. Maserjian that the respondent in this instance was able to have the children immediately returned to her and thereafter succeed in the fashion in which the case was ultimately resolved. The court further cannot discern any logic to a differentiation in compensation between in-court time and out-of-court time. The preparation of a case through review of court pleadings, documents in the possession of the Dutchess County Department of Social Services and the like is as important, if not more so, than the actual time spent in court.
Based upon all of the foregoing, this court concludes that the test for extraordinary circumstances has been met and is awarding counsel the sum of $75 per hour for professional fees on behalf of the respondent, Bonnie Mitchell.