OPINION OF THE COURT
Donald J. Mark, J.
This is an application by the attorney for an indigent defendant, pursuant to section 722-b of the County Law, to be reimbursed for his services at the same hourly rate as the Special Prosecutor intends to charge Monroe County (County) for his services on the prosecution of this action.
The defendant has been charged with three counts of rape in the first degree, one count of unlawful imprisonment in the first degree and one count of assault in the second degree. Due to a conflict of interest, a Special Prosecutor has been appointed, and he plans to charge the County $200 per hour for in-court and out-of-court time. The defendant’s assigned attorney, according to this section, is entitled to be paid $40 per hour for in-court time and $25 per hour for out-of-court time. He claims this disparity in hourly rates denies the defendant equal protection of the law.
*367 Defense counsel in support of his application argued that his training and experience in the defense of criminal defendants justify the requested compensation; that he has been paid $150 per hour by the County as a Special Assistant County Attorney in Family Court; that attorneys retained by governmental agencies are paid at a much higher hourly rate than assigned attorneys; that nonattorney personnel appointed by the court in criminal proceedings are reimbursed at much higher hourly rates; and that compared to the average hourly overhead cost of an attorney, an assigned attorney sustains a loss for out-of-court time and makes little profit for in-court time.
The New York State Association of Criminal Defense Lawyers (Association), in an amicus curiae memorandum of law in support of the defense attorney’s application, averred that the County lacked standing to intervene in this proceeding as any perceived injury is outside of the law’s zone of interests; that inadequate representation of criminal defendants can result in disastrous consequences; that out of his statutory compensation, an assigned attorney must pay his overhead; that there has been a flight of experienced attorneys from the 18-B Program because of inadequate compensation; and that the case law interpreting this section allows a deviation upward from the hourly rates it specifies.
The County in opposition to this application replied that since this criminal action is in its incipient stage, the request is untimely; that this section provides for payment in excess of the statutory maximum only in extraordinary circumstances, which have not yet been shown; that the County may not reimburse the Special Prosecutor at the hourly rate he proposes to charge; that the hourly rates paid to other than assigned attorneys should not be compared to the rates provided for in this section; that this section does not authorize payment of an hourly rate in excess of its provisions; and that the issue of an increase in the statutory rates is a matter for the Legislature and not the courts.
The Special Prosecutor took no position on the application of the defendant’s attorney.
Most of the allegations of the defense attorney and the Association in regard to the inadequate compensation provided for in section 722-b are undisputed (see, People v Fortune, 178 Misc 2d 499, 501).
The matters in contention are: (1) the County’s right to intervene; (2) the timeliness of the defense attorney’s request; *368 (3) the court’s authority to increase the hourly rate; and (4) whether the requested increase is appropriate.
(1) The County’s Right to Intervene
Pursuant to CPLR 1013, applied to criminal actions by CPL 60.10, the County would apparently have the right to intervene in this proceeding, as it obviously has a financial interest in its outcome (see, People v Brisman, 173 Misc 2d 573, 585; People v Fortune, supra, at 506). The County’s reply in opposition to the defense attorney’s motion may accordingly be treated as an application to intervene (see, People v Zavaro, 126 Misc 2d 237, 238). However, the County’s opposition is premature, because a fee award is amenable to an administrative review (see, People v Ward, 199 AD2d 683), and not an appellate review (see, Matter of Werfel v Agresta, 36 NY2d 624), but only after the allowance has been made (see, Byrnes v Monroe County, 129 AD2d 229).
Although the County lacks the right to intervene, but has the right to complain through administrative channels at the proper time, its reply in opposition will be considered as an amicus curiae memorandum.
(2) The Timeliness of the Defense Attorney’s Request
An attorney assigned to represent an indigent defendant in a criminal action would normally describe in detail the extraordinary circumstances which entitle that attorney to a fee in excess of the statutory maximum of $1,200 (see, People v Fortune, supra; People v Sinkler, 157 Misc 2d 103) or a fee in excess of the statutory hourly rates of $40 and $25 (see, People v Brisman, 173 Misc 2d 573, supra; People v Wilson, 60 Misc 2d 144; Matter of Department of Social Servs. [Maitland] v Mitchell, 184 Misc 2d 587) and request appropriate compensation at the conclusion of the representation of the defendant (see, Byrnes v Monroe County, supra).
However, as indicated, the defense attorney is not seeking a determination of the amount of fee which he should be awarded at the end of the criminal action (see, Byrnes v Monroe County, supra), he is seeking a determination that he ultimately should be reimbursed at the same hourly rate as the Special Prosecutor will ultimately be paid (see, People v Fortune, supra, at 501; People v Brisman, supra, at 583; People v Martinez, 151 Misc 2d 641, 651; Matter of Armani, 83 Misc 2d 252, 258; People v Wilson, 60 Misc 2d 144, 150, supra). If the defense attorney is entitled to such a favorable ruling, it can be made at this juncture, because the hourly rate will be applicable to past and future services (see, People v McLane, 166 Misc 2d 698, 711).
*369 (3) The Court’s Authority to Increase the Hourly Rate
As was so cogently stated in People v Brisman (supra, at 590), “it is clear that the plain wording of the statute, the unambiguous legislative history of article 18-B, applicable case law precedents and a balancing of the relevant public policy concerns * * * indicate that section 722-b authorizes Trial Judges to award compensation to assigned counsel in cases which present extraordinary circumstances, that is both in excess of the statutory maxima based on the class of offense charged, as well as in excess of the statutory hourly rates.”[1]
The term “the plain wording of the statute” in that decision was explained as follows: “The statute sets forth two limits on compensation for assigned counsel: one based on the class of offense charged, and a second, based on hourly rates of compensation. The statute further provides that courts may award compensation, ‘in excess of the foregoing limits’ * * * in cases which present extraordinary circumstances. One cannot read into a statute restrictions that are not set forth clearly therein. For, if the Legislature intended to impose such restrictions, it could have easily and unambiguously set them forth in the statute” (supra, at 577).
People v Wilson (supra, at 148), decided 27 years earlier, after finding extraordinary circumstances, had already arrived at the same conclusion, wherein it stated, “It would seem, therefore, that the court’s discretion would be applicable to all of the limits mentioned in the section, hourly as well as total.” Its reasoning for this determination was the same as that in Brisman (supra). Department of Social Servs. [Maitland] v Mitchell (supra), decided approximately three years later, without reliance upon either of these decisions, found extraordinary circumstances and also compensated the assigned attorney at any hourly rate in excess of the statutory hourly rate.[2]
All of these opinions leave no doubt that a trial court in accordance with section 722-b possesses the authority to award compensation to an assigned attorney at an hourly rate in excess of that provided for in this section, as long as extraordinary circumstances are present.
*370 (4) Whether the Requested Increase is Appropriate
There are currently two lawsuits challenging the 18-B fee structure on constitutional grounds, one in Eastern District Federal court[3] and one in New York County Supreme Court.[4] There also has been much controversy generated by the failure of the Legislature to increase the 18-B rates,[5] and speculation that the Judiciary would seize the initiative in the absence of legislative action.[6]
However, this court is confronted only with the narrow issue of whether to equalize the hourly compensation paid to both the Special Prosecutor and the defense attorney for their services in the same criminal action. Although there is a reference that the defendant in this case is being denied equal protection of the law, there is no request that section 722-b be declared unconstitutional, so that issue need not be addressed.
There are three reasons why the claim of the defense attorney must be rejected.
The first reason is that the reverse argument in an analogous situation was unavailing in Matter of Director of Assigned Counsel Plan (Bodek) (159 Misc 2d 142, affd 207 AD2d 307, affd 87 NY2d 191).[7] There, the Director of the Assigned Counsel Plan of the City of New York challenged the award of $100 per hour pursuant to section 722-c to Hillel Bodek, MSW, CSW, for forensic social services rendered to the defendant, by comparing that rate to the $49 per hour paid to psychiatrists and $24 per hour paid to psychologists by the court clinic. The trial court which made the assignment determined that extraordinary circumstances justified the compensation awarded despite the disparity between the forensic social worker and court clinic employees.
The second reason is that if this argument were to prevail, then logically the same theory should apply where a criminal charge is prosecuted by a regularly appointed Assistant District Attorney. The regular prosecutor, paid an annual salary by the *371 county, if computed at an hourly rate, obviously is paid more per hour than the hourly rate paid to assigned counsel. At its logical conclusion, the hourly rate paid to assigned counsel would depend upon the hourly rate paid to the regular prosecutor, and it would vary upon the regular prosecutor’s position in the District Attorney’s hierarchy. An assigned attorneys hourly compensation cannot be geared to the nomenclature of “Special Prosecutor” or “regular prosecutor.” Were this to become an accepted theory, section 722-b would be rendered a nullity.
The third reason is that the cited case law permits an award to assigned counsel at an increased hourly rate only in the event that that attorney demonstrates extraordinary circumstances. The defense attorney in this case cannot possibly make such a showing at this time, because the criminal action has not been concluded.
All these reasons militate against granting the relief requested by the defense attorney.
However, in the event the two pending lawsuits are not resolved or the Legislature takes no action by the time this criminal action is terminated, this court reserves the right to award the assigned attorney an hourly fee in excess of that specified in section 722-b, provided extraordinary circumstances are shown.
Accordingly, the application of the defense attorney to be compensated at the same hourly rate as that to be paid to the Special Prosecutor is denied.

. The defense attorney was awarded $75 per hour for in-court time and $25 per hour for out-of-court time.

. The assigned attorney was awarded $75 per hour for both in-court and out-of-court time.

. NYLJ, Jan. 25, 2000, at 1, col 3.

. NYLJ, Feb. 22, 2000, at 1, col 3.

. Caher, No Move to Raise 18-B Rates Expected From, Albany, NYLJ, June 7, 2000, at 1, col 3.

. (Caher, Coalition of Lawyers Protests Low Assigned Counsel Fees, NYLJ, Mar. 15, 2000, at 1, col 3.) On the issue of cameras in the courtroom, this was the approach taken by People v Boss (182 Mise 2d 700, 703) — “If section 52 is no longer constitutional, it is for the courts to say so not to defer to a political body where the nuances of politics can and have led to unnecessary inaction.”

. Unlike an award under section 722-b, this case allowed appellate review of an award under section 722-c.